IN THE MATTER OF ALEXANDER. L. PUCCINELLI,
ATTORNEY AT LAW.

No. 3600

November 20, 1950.                    224 P.2d 318.

*John S. Halley* and *Harlan L. Heward,* both of Reno,
for Petitioner.

*W. Howard Gray,* Ely, for board of governors of State
Bar of Nevada.

## OPINION

By the Court, MCNAMEE, District Judge:

Petitioner has brought before this court for review
the proceeding in which the board of governors of the
State Bar of Nevada recommended that he be suspended
from the practice of the law for a period of nine months.

The notice to show cause, issued on January 8, 1949,
charges petitioner with the following:

(1) Representing, as attorney, both plaintiff and
defendant in that district court action entitled Lloyd
Hanson v. Charles Robinson;

(2) Violation of rule IV, rules of professional conduct

of the State Bar of Nevada by acquiring an interest adverse to a client;

(3) Violation of rule V of said rules by accepting employment adverse to a client relating to a matter in which he had obtained confidential information by reason of or in the course of his employment by such client, to wit, Lloyd Hanson;

(4) Violation of rule VI of said rules by accepting professional employment on behalf of Charles Robinson without first disclosing his relation with the adverse party, Lloyd Hanson;

(5) Violation of rule VII of said rules by representing the conflicting interests of Lloyd Hanson and Charles Robinson in said district court action.

(6) The giving of false testimony under oath in the said case of Hanson v. Robinson.

The matter as initiated proceeded to a hearing before a local administrative committee of the state bar which made findings unfavorable to petitioner, and recommended that petitioner be suspended from the practice of law for nine months. A hearing de novo was had before the board of governors of the state bar and, after making findings against petitioner, they likewise concluded that petitioner was guilty of unprofessional conduct and recommended that he be suspended from practice for a period of nine months.

Neither the local administrative committee nor the board of governors made a finding with respect to the said alleged violation of rule IV, rules of professional conduct. In this review, therefore, we have proceeded as if said charge was neither alleged nor proven.

During March, 1948, Lloyd Hanson employed petitioner, an attorney at law, to bring suit against Charles Robinson in the district court of Elko County. Petitioner thereafter requested F. Grant Sawyer, an attorney at law, to be associated with him in the action, and the latter, with the consent of Hanson, and under the supervision of petitioner, prepared the pleadings, filed the action, and caused the summons and complaint to

be served personally upon Robinson in Elko County, Nevada. The papers in the action failed to disclose that petitioner was associated with Mr. Sawyer as an attorney for plaintiff, Hanson. After he was served as aforesaid, Robinson took the papers to petitioner's office and left them with petitioner, who, without disclosing to Robinson that he was an attorney for Hanson in the action, retained them until after a default judgment was entered against Robinson in favor of Hanson. During this period that the papers were in petitioner's office, Robinson went there six times or more. On August 11, 1948, being within the period from the time Robinson was so served and before the said entry of judgment, petitioner, still not disclosing to Robinson that he was an attorney for Hanson in said action, acted in the capacity of attorney for Robinson in a matter involving the property which was the subject of the Hanson-Robinson action. Petitioner theretofore and on several occasions since September, 1947, had, as an attorney at law, represented Robinson in other matters.

After said default judgment was entered against him, Robinson employed Orville R. Wilson as his attorney to move to set aside said judgment. The motion was heard and granted, and thereafter a judgment for $4,000 less than the amount of the default judgment was entered in favor of Hanson against Robinson. At the hearing of said motion to set aside the judgment, petitioner, as a sworn witness, testified that he did not represent Hanson and was not an associate of F. Grant Sawyer in the case. The day following, however, petitioner again took the witness stand at his own request, and changed his testimony by admitting that he had been the attorney for Lloyd Hanson, and that he was in fact associated with Mr. Sawyer as attorney for Hanson in the said case. The court in which this false testimony was given thereupon cited for contempt the petitioner who appeared therein, made a statement on his own behalf, and confessed his error. Thereupon, petitioner was found to be in contempt and ordered to pay $350.

All of the charges against petitioner, exclusive of the alleged violation of said rule IV, are supported by the evidence. The only matter left for determination is the penalty to be imposed.

The law with respect to the imposition of a penalty in cases of this nature is well set out in 7 C.J.S., Punishment, sec. 38, at page 806, and reads as follows: "In arriving at the punishment to be imposed, precedents are of little aid, and each case must be largely governed by its particular facts and the matter rests in the sound discretion of the court. The question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, as a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession."

The record herein discloses that in not only the proceedings before the district court, but also the hearing before the local administrative committee, petitioner confessed his guilt insofar as his giving of false testimony was concerned, and with an apparent penitent frame of mind asked for clemency. We naturally would feel inclined to be more lenient with a penitent petitioner if this attitude had continued. In his subsequent proceedings before the State Bar of Nevada and before this court, there has been no intimation of his repentance for his unmistakable wrongdoing.

The record herein containing, as it does, petitioner's testimony given in the several different proceedings involved herein, discloses numerous instances where such testimony in one hearing has been inconsistent with his testimony in another. We have noted, also from petitioner's own testimony that the charges upon which these proceedings were based have been publicized to such an extent in Elko County, where he holds the official position of district attorney, that he has lost the confidence of certain clients, and that his private practice has already suffered therefrom.

With all these things in mind, we believe that substantial justice "as a penalty to the offender, as a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession" demands that petitioner be suspended from the practice of law in this state commencing January 1, 1951 and continuing for a period of nine months therefrom and until he is, by this court, ordered reinstated.

An order will be entered accordingly.

HORSEY, C. J., and EATHER, J., concur.

BADT, J., being disqualified, the Governor designated Honorable FRANK MCNAMEE, Judge of the Eighth Judicial District, to sit in his stead.